**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LETROY GARNELL DAVIS II, | Case No. CV 26-00009 FMO (BFMx) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE RE: VENUE** |
| ALLY FINANCIAL INC., et al., | |
| Defendants. | |

On January 2, 2026, plaintiff LeTroy Garnell Davis II ("plaintiff") filed a complaint alleging (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f, et seq.; and related state law claims for (2) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.33; (3) violation of the Collateral Recovery Act, Cal. Bus. & Prof. Code § 7508.2; (4) wrongful repossession pursuant to Cal. Com. Code § 9609; and (5) conversion. (See Dkt. 1, Complaint at 4-9).

With respect to venue, 28 U.S.C. § 1391(b) provides, as relevant here, that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Although plaintiff contends that venue is proper in this District, (see Dkt. 1, Complaint at ¶ 2), he does not allege any facts showing that venue is proper pursuant

to 28 U.S.C. § 1391(b)(2).  (See, generally, id.).  He does not, for example, allege whether the contested re-possession of his vehicle occurred within this District.  (See, generally, id.).

Based on the foregoing, IT IS ORDERED THAT:

1.  No later than **February 24, 2026**, plaintiff shall show cause in writing why this action should not be transferred for lack of proper venue, or shall file a First Amended Complaint setting forth sufficient allegations as to venue.

2.  This order will stand submitted upon the filing of plaintiff's response or First Amended Complaint.  **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to transfer of the instant action to the appropriate venue**.  See 28 U.S.C. § 1406(a) (providing that a federal court may transfer a complaint filed in the wrong district to the correct district); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974); Costlow v. Weeks, 790 F.2d 1486, 1487-88 (9th Cir. 1986) (a district court may raise the issue of venue sua sponte).

3.  If plaintiff wishes to transfer venue, plaintiff shall file a motion to transfer venue by the deadline set forth above.

Dated this 17th day of February, 2026.

/s/
Fernando M. Olguin
United States District Judge

2